<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DERRICK MADDOX,                      :
                                     :    Civil Action No. 10-3457 (JBS)
              Plaintiff,             :
                                     :
         v.                          :    **OPINION**
                                     :
UNITED STATES OF AMERICA,            :
                                     :
              Defendant.             :

**APPEARANCES:**

Mr. Derrick Maddox
196 Cedarwood Terrace
Rochester, NY 14609
     Plaintiff <u>pro</u> <u>se</u>

**SIMANDLE**, District Judge:

     Plaintiff Derrick Maddox, a prisoner previously confined at

the Federal Correctional Institution at Fort Dix, New Jersey,

seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to the

Federal Tort Claims Act.  Based on his affidavit of indigence and

the absence of three qualifying dismissals within 28 U.S.C.

§1915(g), the Court will grant Plaintiff's application to proceed

<u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the

Clerk of the Court to file the Complaint.[1]

---

     [1] "[I]f a litigant is a prisoner on the day he files a civil
action, the [Prison Litigation Reform Act] applies." <u>Drayer v.</u>
<u>Attorney Gen. of Delaware</u>, 81 Fed.Appx. 429, 431 (3d Cir. 2003).
Nevertheless, as Plaintiff has been released from prison, this
Court will not assess the filing fee.  <u>See</u> <u>McGann v. Comm'r,</u>
<u>Social Security Administration</u>, 96 F.3d 28, 30 (2d Cir. 1996).

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that from January 2008 to February 2010, the United States of America violated his First Amendment rights regarding his legal mail, when employees of the Federal Bureau of Prisons "opened, censored, interfered, and read his legal mail."

This is Plaintiff's second complaint challenging the opening of his legal mail while he was confined at FCI Fort Dix.[2]  In <u>Maddox v. United States</u>, Civil No. 08-3715(JBS) (D.N.J.), this Court dismissed Plaintiff's first complaint against the United States because (1) Plaintiff's claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388

---

[2] This Court will take judicial notice of its own dockets in cases related to this Complaint.  <u>See</u> Fed.R.Evid. 201; <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

(1971), was barred by sovereign immunity, and (2) Plaintiff's claim under the Federal Tort Claims Act was not exhausted.

Thereafter, on February 23, 2010, Plaintiff submitted to the U.S. Department of Justice, Federal Bureau of Prisons, an administrative claim, as follows:

> From Jan. 2008 to Feb. 2010 F.C.I. Fort Dix has been violating CFR 540.18 and 540.19. This matter has been brought before the U.S. District Court (Hon. Jerome B. Simandle). This matter was dismissed pursuant to Fed.R.Civ.P. 12(b)(1). This claim is filed in compliance with that order by the Court. If this matter is not settled by the F.B.O.P. Inmate Maddox will file another complaint with the US District Court seeking compensation. This claim will be brought pursuant to Sallier v. Brooks, 343 F.3d 868 (whether in custody or out of custody).

(Complaint, Ex. 1., Claim for Damage, Injury, or Death.)

The administrative claim was rejected because the claim contained an allegation of constitutional violations, which are not actionable under the Federal Tort Claims Act. (Complaint, Ex. 2, Letter from Henry J. Sadowski, Regional Counsel to Derrick Maddox.)

This Complaint timely followed. Here, Plaintiff seeks monetary damages and injunctive relief.[3]

II. <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are

---

[3] As Plaintiff is no longer confined, the request for injunctive relief is moot.

3

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

Moreover, no action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).  Although failure to exhaust is an affirmative defense which must be pled by the defendant, a district court has inherent power to dismiss a complaint which facially violates this bar to suit.  See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted).

The Supreme Court has emphasized that, when assessing the
sufficiency of any civil complaint, a court must distinguish
factual contentions -- which allege behavior on the part of the
defendant that, if true, would satisfy one or more elements of
the claim asserted -- and "[t]hreadbare recitals of the elements
of a cause of action, supported by mere conclusory statements."
Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Although the
Court must assume the veracity of the facts asserted in the
complaint, it is "not bound to accept as true a legal conclusion
couched as a factual allegation."  Id. at 1950.  Thus, "a court
considering a motion to dismiss can choose to begin by
identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth."  Id.

> Therefore, after Iqbal, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such
> an entitlement with its facts.  See Phillips, 515 F.3d
> at 234-35.  As the Supreme Court instructed in Iqbal,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"

6

> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III.   ANALYSIS

Plaintiff attempts to assert here claims against the United States based upon alleged violations of his First Amendment rights and certain provisions of the Code of Federal Regulations governing the opening of prison mail.  Whether the Complaint is construed as alleging claims under the Federal Tort Claims Act or under Bivens v. Six Unknown Named Agent of the Federal Bureau of Narcotics, 403, U.S. 388 (1971), the Complaint fails to state a claim, for the following reasons.

## A.   The Federal Tort Claims Act

The United States has sovereign immunity except where it consents to be sued.  United States v. Mitchell, 463 U.S. 206,

212 (1983).  In the absence of such a waiver of immunity, one cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any individual federal officers in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

The Federal Tort Claims Act is a partial waiver of the sovereign immunity of the United States and it gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963).

The FTCA requires the commission of a tort to impose liability.  Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992) ("While the FTCA waives sovereign immunity for actions alleging torts by employees of the

Government, it does not create novel causes of action.  Thus, the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government.").

More specifically, federal constitutional violations are not cognizable under the FTCA; state law provides the source of substantive liability under the FTCA.  See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); Webb v. Desan, 250 Fed.Appx. 468, 2007 WL 2962604 (3d Cir., Oct. 11, 2007).

Plaintiff nowhere describes the commission of a tort under state law.  Instead, his claims are based exclusively on alleged violations of federal law.  Plaintiff cannot bring a claim under the FTCA for any violation of his First Amendment rights or for any violation of federal prison regulations regarding the opening of prisoners' mail.[4]

B.   Bivens

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court

---

[4] Plaintiff's reliance on Sallier v. Brooks, 343 F.3d 868 (6th Cir. 2003), is unavailing, as the state prisoner in that action brought a claim asserted under 42 U.S.C. § 1983, against individual prison mailroom clerks, who were state actors.  The viability of that claim is not relevant to the viability of a claim asserted against the United States under the Federal Tort Claims Act.

has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

Relying upon Bivens, the Court of Appeals for the Third Circuit has implied a remedy under the First Amendment for wrongful opening of a prisoner's legal mail. See Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995). This Complaint, nevertheless, fails to state a claim against the United States. While Bivens provides a cause of action against individual federal officers, "a plaintiff may not use Bivens to pursue constitutional claims against the United States or its agencies." Mierzwa v. United States, 282 Fed.Appx. 973, 976 (3d Cir. 2008); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("[A] prisoner may not bring a Bivens claim against ... the United States or the BOP."). Consequently, Plaintiff's Bivens claim is barred by sovereign immunity. See Lewal v. Ali, 289 Fed.Appx. 515, 516 (3d Cir. 2008) ("Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver."). In other words, the United States is not a defendant which can be sued under Bivens for a constitutional violation; the sole proper defendant in a Bivens case is a federal officer or agent acting in the scope of their governmental duties, and no such defendant is named in this case.

10

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 42 U.S.C. 1997e(c), for failure to state a claim.  If Plaintiff can timely identify the prison mailroom staff who allegedly wrongfully opened his legal mail, Plaintiff may move to re-open this action, attaching to any such motion a proposed amended complaint under <u>Bivens</u>, addressing the deficiencies identified in this Opinion.  Any such motion to reopen the docket and to amend the complaint must be filed within thirty (30) days of the entry of this Opinion and Order.

An appropriate order follows.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **July 11, 2011**

11