UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK MADDOX,                  :
                                 :   Civil Action No. 10-3457 (JBS)
            Plaintiff,           :
                                 :
       v.                        :   **MEMORANDUM OPINION and ORDER**
                                 :
UNITED STATES OF AMERICA,        :
                                 :
            Defendant.           :

SIMANDLE, Chief Judge:

   This matter was opened to the Court when Plaintiff submitted a Complaint against the United States, seeking monetary damages and injunctive relief, alleging that Bureau of Prison mailroom personnel "opened, censored, interfered, and read" mail sent from various federal courts.[1]  Plaintiff characterized these actions as a violation of his First Amendment rights and of various provisions of the Code of Federal Regulations applicable to federal correctional facilities.

   By prior Opinion and Order [7, 8], familiarity with which is presumed, this Court dismissed this Complaint for failure to state a claim.  More specifically, to the extent Plaintiff sought

---

[1] This was Plaintiff's second complaint challenging the opening of his mail while he was confined at the Federal Correctional Institution at Fort Dix, New Jersey.  In <u>Maddox v. United States</u>, Civil No. 08-3715 (JBS) (D.N.J.), this Court dismissed Plaintiff's first complaint against the United States because (1) Plaintiff's claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 408 U.S. 388 (1971), was barred by sovereign immunity, and (2) Plaintiff's claim under the Federal Tort Claims Act was not exhausted.

to proceed under the Federal Tort Claims Act, the Complaint failed to state a claim because federal constitutional and regulatory violations are not cognizable under the FTCA.  In addition, to the extent Plaintiff sought to proceed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Complaint failed to state a claim because the doctrine of sovereign immunity bars a <u>Bivens</u> action against the United States.  This Court granted Plaintiff leave to move to re-open this action and amend if Plaintiff could "timely identify the prison mailroom staff who allegedly wrongfully opened his legal mail."

   This matter is again before the Court pursuant to Plaintiff's submission of a Motion [9] to amend the Complaint to identify, as the sole defendant, Warden Donna Zickefoose.  Plaintiff premises the claim against Warden Zickefoose on the ground that she "did not try to stop the legal mail violation."  Further, Plaintiff states that the Warden has refused to identify the mailroom clerk so she must have been acting in concert with the mailroom clerk.  No further factual details are provided.


   IT APPEARING THAT:


   Where, as here, a plaintiff has been granted leave to proceed <u>in forma pauperis</u>, a federal district court must dismiss,

2

at the earliest practicable time, a complaint that fails to state a claim. See 28 U.S.C. § 1915(e)(2). Nevertheless, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

A district court may properly deny leave to amend, however, where the proposed amended complaint would be subject to dismissal. See, e.g., Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010).

In determining the futility of a proposed amendment, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6), accepting as true all factual allegations contained in the proposed amended complaint. See, e.g., Walls v. County of Camden, 2008 WL 4934052 at *2 (D.N.J. Nov. 13, 2008) (citing, inter alia, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

The Supreme Court has not addressed whether supervisors in Bivens actions may be held liable on a theory of respondeat superior. Most courts to address the issue, however, have held

3

that liability may not be based on respondeat superior. See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 & n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to 42 U.S.C. § 1983 cases in evaluating the nature of defendant officials' qualified immunity); Kite v. Kelly, 546 F.2d 334, 337-38 (10th Cir. 1976). See also Parker v. U.S., 197 Fed.Appx. 171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S., 172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential). This Court finds persuasive the reasoning of those courts that have declined to impose respondeat superior liability in Bivens actions. Here, to the extent Plaintiff seeks to proceed under Bivens, he has failed to state a claim, as the theory of liability seems to be solely based upon an untenable theory of vicarious liability.

In the alternative, to the extent Plaintiff seeks to proceed under Bivens pursuant to a "conspiracy" theory, the allegation that the Warden has refused to identify the alleged mailroom clerk is not sufficient to state a claim for "conspiracy."

> [W]e hold that stating [a conspiracy] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. ... It makes sense to say,

> therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a [conspiracy] claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."  A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a [conspiracy] claim ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556-67 (2007) (citations and footnotes omitted).  Here, Plaintiff's bare allegation that the Warden must have been acting in concert with the mailroom clerk solely because, at some later unidentified date under unidentified circumstances, she has failed to identify the mailroom clerk, is not sufficient to state a claim of conspiracy against the Warden.

Finally, Plaintiff cannot proceed against the Warden under the Federal Tort Claims Act and, in any event, Plaintiff still has not identified any tort giving rise to liability under the FTCA.  In addition, to the extent that Plaintiff seeks to proceed under the theory that his mail was wrongfully delayed, detained, or destroyed, his claim is barred by two separate exceptions to the waiver of sovereign immunity contained in the FTCA.

5

Title 28 Section 2680(c) exempts from the FTCA waiver of sovereign immunity any claim arising with respect to "detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." In <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 21 (2008), the Supreme Court of the United States held that correctional officers employed by the Federal Bureau of Prisons are "law enforcement officers" within the meaning of this provision.

In addition, the "postal matter exception" exempts from the FTCA waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). <u>See generally</u> <u>Dolan v. United States Postal Service</u>, 546 U.S. 481 (2006). Thus, federal courts consistently have dismissed claims asserting the delay, loss, or confiscation of prison mail. <u>See</u>, <u>e.g.</u>, <u>Georgacarakos v. United States</u>, 420 F.3d 1385 (10th Cir. 2005) (without inmate authorization, BOP employees mailed inmate property to a relative and property never arrived); <u>Ruiz v. United States</u>, 160 F.3d 273 (5th Cir. 1998) (failure to deliver court mail due to prisoner's transfer caused prisoner to be unable to file timely appeal); <u>Aliotta v. United States</u>, 2008 WL 2037748 (W.D. Pa. 2008) (personal property mailed from prison to inmate residence never arrived); <u>Hornes v. United States</u>, 2007 WL 1983853 (N.D.W.Va. July 3, 2007) (mailroom employee confiscated prisoner mail).

For all the foregoing reasons, it would be futile to permit Plaintiff to amend the Complaint to name the Warden as a defendant.

IT IS, therefore, on this __**21st**__ day of __**March**__, **2012**,

ORDERED that the Clerk of the Court shall re-open the Court's file in this matter, in order for the Court to entertain Plaintiff's motion, by making a new and separate notation on the docket reading "Civil Case Reopened"; and it is further

ORDERED that the Motion [9] to amend the Complaint is DENIED; and it is further

ORDERED that no further opportunities to amend shall be granted; and it is further

ORDERED that the Clerk of the Court shall re-close the Court's file in this matter by making a new and separate notation on the docket reading "Civil Action Terminated".

          **s/ Jerome B. Simandle**
          Jerome B. Simandle
          Chief Judge
          United States District Court